**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SCOTT ROSS McGOWAN (#1400037798)**  **CIVIL ACTION NO.**

**VERSUS**  **23-23-SDD-EWD**

**BEN BALLARD, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 20, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SCOTT ROSS McGOWAN (#1400037798)      CIVIL ACTION NO.

VERSUS      23-23-SDD-EWD

BEN BALLARD, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Scott Ross McGowan ("McGowan"), who represents himself and who is confined to the Livingston Parish Detention Center in Livingston, Louisiana, has pending before this Court a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.[1] Because McGowan failed to exhaust state court remedies before filing in federal court, it is recommended that his habeas petition be dismissed without prejudice on the Court's own motion.[2] There is no need for oral argument or for an evidentiary hearing.

**I.    PROCEDURAL HISTORY**

McGowan alleges that he is a pretrial detainee, who has been held in custody since October 15, 2022, following an arrest based on the alleged violation of three protective orders.[3] McGowan

---

[1] The Petition also bears a signature of "Danielle Rodriguez" as "Power of Attorney/Agent," but no counsel of record is enrolled in this case. R. Doc. 1, pp. 9.

[2] The Court has the authority to dismiss the habeas claim on its own motion. *Watts v. Louisiana*, No. 22-251, 2023 WL 2025544, at *1 (M.D. La. Jan. 12, 2023), report and recommendation adopted, No. 22-251, 2023 WL 2002033 (M.D. La. Feb. 14, 2023), citing Rules Governing Section 2254 and 2255 Cases, Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ..."); *Moxley v. Dretke*, No. 05-39, 2005 WL 637931, at *n. 3 (N.D. Tex. March 17, 2005) (sua sponte dismissing a § 2254 habeas petition for failure to exhaust state remedies and noting that "[a] federal court may sua sponte raise [the procedural defense of exhaustion] and dismiss a habeas petition for failure to exhaust state remedies."); *Prudhomme v. Iowa Police Dept.*, No. 07-745, 2007 WL 2702183 (W.D. La. Aug. 22, 2007) (dismissing a § 2241 petition by a pretrial detainee on the basis that the petitioner failed to exhaust state court remedies, noting that "a United States district court is expressly authorized to dismiss the action sua sponte.").

[3] R. Doc. 1, p. 6.

does not provide a detailed procedural history leading up to the issuance of these protective orders.[4] He asserts, however, that all three protective orders were dismissed on November 10, 2022.[5] He claims he was then held in custody based on the alleged violation of two other protective orders, which were also later dismissed.[6] McGowan says that, in December 2022, he filed a "First appeal," with the Twenty-First Judicial District Court for the State of Louisiana, challenging his detention.[7] He complains that the bond hold was lifted, then revoked on the same day, January 10, 2023.[8] October 15, 2022, December 2022, and January 10, 2023 are listed as the "dates of the decision or action" that McGowan is challenging.[9] McGowan filed his habeas petition with this Court on January 11, 2023.[10] He argues that the state court's findings of protective orders violations were unwarranted and that he is being unlawfully imprisoned. He seeks release from jail on bond.[11]

## II. McGowan Failed to Exhaust State Court Remedies

McGowan's claims are unexhausted and are subject to dismissal on the face of the habeas petition. Although the text of § 2241 does not require exhaustion, it is well-settled that "a § 2241

---

[4] McGowan previously filed a civil lawsuit with this Court on November 11, 2022, alleging a violation of his constitutional rights. In that case, he asserted that he was being held without bond despite all charges and protective orders having been dismissed. *See McGowan v. Abels*, 22-920, R. Doc. 1, pp. 1-3. There, he also referenced Louisiana's 'Gwen Law,' asserting that "Livingston is [using] Gwen Law for every little thing." *See Id.,* R. Doc. 1, p. 3. This Court issued a ruling dismissing McGowan's Complaint without prejudice because he had not paid the Court's full filing fee or been granted permission to proceed without doing so. *Id.*, R. Docs. 4 and 5.

Louisiana Code of Criminal Procedure Article 313, commonly referred to as "Gwen's Law," permits a trial court to conduct a contradictory bail hearing before determining the conditions of bail or whether the defendant should be held without bail pending trial. Gwen's Law permits the trial court to deny bond if it finds proof "by clear and convincing evidence either that the defendant might flee, or that the defendant poses an imminent danger to any other person or the community." La. Code Crim. P. art. 313(4); La. Code Crim. P. art. 316; *State v. Poirier*, 2018-467 (La.App. 3 Cir. 7/11/18), 251 So. 3d 486, 489–90.

[5] R. Doc. 1, p. 7
[6] *Id.*
[7] R. Doc. 1, p. 2.
[8] *Id.* McGowan states that "the hold was reinstated" when neither he nor his attorney were present.
[9] *Id*. McGowan references October 15, 2022, as the date he was originally placed in custody. R. Doc. 1, p. 6.
[10] R. Doc. 1, pp. 1-9. This Report uses the date Petitioner's filings were signed and dated as the date of filing pursuant to the "prison mailbox rule," adopted by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).
[11] R. Doc. 1, p. 7-8. McGowan asserts, "Everytime (sic) the protective order violations are proven to be unwarranted, dismissed, and not billed [, the] Livingston Parish [district attorney] changes how they want to hold me in jail without being able to bond out. *Id.*

2

petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention."[12] Federal courts generally abstain from the exercise of their habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state courts or by some other state procedure available to the petitioner.[13] Exhaustion in cases brought under § 2241 may be excused only under special circumstances, such as if the state remedies are either "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action."[14] Federal courts must dismiss a federal petition for writ of habeas corpus that contains unexhausted grounds for relief.[15]

    Louisiana provides a remedy to pretrial detainees who wish to contest the legality of their custody.[16] McGowan has not shown that he has attempted to obtain this relief in state court, nor has he established that he attempted to obtain review of the state court's rulings by filing an application for supervisory writs.[17] Indeed, it would be virtually impossible for McGowan to have exhausted state court remedies as the last date of action about which he complains, January 10, 2023, was just one day before he filed his federal habeas petition. Further, McGowan has not set forth any special circumstances to support a finding that state remedies are unavailable to him, inappropriate to the relief sought, or futile. In the absence of any showing that McGowan has exhausted state court remedies relative to the claims asserted in his habeas petition, his claim for

---

[12] *Montano v. Texas*, 867 F.3d 540, 542-43 (5th Cir. 2017), citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) and *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).
[13] *Dickerson*, 816 F.2d 220 at 225; *Edge v. Stalder*, 83 Fed.Appx. 648, 2003 WL 22976091, at *1 (5th Cir. 2003) (dismissing a § 2241 habeas petition for failure to exhaust).
[14] *Montano*, 867 F.3d at 542-43 (5th Cir. 2017), quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).
[15] *See Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982); *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).
[16] *See* La. Code Crim. P. arts. 351, *et seq,* and *see State v. Wilson,* 2019-1294 (La.App. 1 Cir. 11/25/19), 2019 WL 6318021, at * 1 ("Habeas corpus deals with pre-conviction complaints concerning custody ...."); and La. Code Crim. P. art. 362.
[17] *See* Uniform Rules of Louisiana Courts of Appeal, Rule 4-1, *et seq*.

relief must be denied and his application dismissed, without prejudice to filing a habeas petition again after he has exhausted available state court remedies.[18]

### III. A CERTIFICATE OF APPEALABILITY SHOULD BE DENIED

If McGowan seeks to appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[19] Although McGowan has not yet filed a notice of appeal, the Court may address whether he would be entitled to a certificate of appealability.[20] To be granted a certificate of appealability, a habeas petitioner must make a substantial showing of the denial of a constitutional right.[21] In cases where the court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional rights *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[22] Here, reasonable jurists would not debate the correctness of the procedural ruling that McGowan's claims are unexhausted, such that a certificate of appealability should be denied.

### IV. RECOMMENDATION

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus Under 28 U.S. C § 2241 of Petitioner Scott Ross McGowan be **DISMISSED WITHOUT PREJUDICE** as unexhausted.

---

[18] Habeas dismissals should be without prejudice when state remedies have not been exhausted. *Castano v. Everhart*, 235 Fed.Appx. 206, 208 (5th Cir. 2007) (converting dismissal of § 2241 habeas petition to be without prejudice for failure to exhaust state remedies).
[19] 28 U.S.C. § 2253(c)(1)(a).
[20] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[21] 28 U.S.C. § 2253(c)(2).
[22] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (citations omitted).

4

5

**IT IS FURTHER RECOMMENDED** that, if McGowan seeks to appeal, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on March 20, 2024.

**ERIN WILDER-DOOMES**